IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| APRIL SULKOWSKI | ) | CIVIL DIVISION |
| | ) | |
| | ) | No.: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Case 2:05-mc-02025   Document 1225   Filed 09/03/2008   Page 1 of 5 | |
| | ) | |
| VALENTINE & KEBARTAS, INC. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW comes April Sulkowski by her counsel, Sheets, Rosselli, Horowitz & Collins LLC and files the following Complaint:

### I.   PARTIES

1. Plaintiff, April Sulkowski, is an adult individual who resides within Allegheny County, Pennsylvania and is deemed a "consumer" under Section 1692a(3) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

2. Defendant, Valentine & Kepartas, Inc., is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Valentine & Kepartas, Inc. has a business address of 15 Union Street, Lawrence, Massachusetts 01840 ("VKI").

### II.   JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant 28 U.S.C. § 1331 because this action arises out of numerous violations of the FDCPA.

4. This Court has jurisdiction over the Defendant since the Defendant conducts business in this District, and a substantial part of the events, acts or omissions giving rise to the present claims occurred inside this District.

5. This Court is an appropriate venue for this action under 28 U.S.C. § 1391(b)(2), because Plaintiff resides in this District, Defendant conducts business in this District and a substantial portion of the events, acts and/or omissions giving rise to the claims occurred in this District.

### III. FACTUAL BACKGROUND

6. Ms. Sulkowski allegedly incurred a financial obligation in the form of a credit card issued by Chase Manhattan Bank USA, N.A. that went into default. This financial obligation was primarily for personal, family and/or household purposes. Accordingly, this financial obligation is considered a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. Sometime in or around February 2008, this debt was consigned, placed or otherwise transferred to VKI for collection from Ms. Sulkowski.

8. In February 2008, VKI commenced calling Ms. Sulkowski's residence.

9. During one specific communication, a VKI representative by the name of Mark Star spoke directly with Ms. Sulkowski.

10. During this conversation with Mr. Star, Ms. Sulkowski disputed the debt in question and referred Mr. Star to her attorney.

11. As Ms. Sulkowski was providing Mr. Star the contact information of her attorney, Mr. Star interrupted Ms. Sulkowski and stated that he had no intention of speaking with Ms. Sulkowski's attorney.

12. After refusing to communicate with Ms. Sulkowski's attorney, Mr. Star stated the following to Ms. Sulkowski:

*"I'm not going to call any lawyer. I'm going to ruin your life. Your life is over."*

13. After Mr. Star made the foregoing statement, Ms. Sulkowski hung up the telephone. However, Mr. Star immediately called back Ms. Sulkowski's residence.

14. Ms. Sulkowski's roommate answered this subsequent phone call and referred Mr. Star to Ms. Sulkowski's attorney. However, Mr. Star proceeded to discuss the debt in question with Ms. Sulkowski's roommate as well as inform her roommate that Ms. Sulkowski "owed a lot of money."

Case 2:05-mc-02025   Document 1225   Filed 09/03/2008   Page 3 of 5

15. Shortly after his exchange, a VKI representative contacted Ms. Sulkowski's father (her father does not reside with Ms. Sulkowski).

16. During this exchange with Ms. Sulkowski's father, the VKI representative discussed the debt in question and demanded Ms. Sulkowski's contact information.

17. In response to these inquiries from the VKI representative, Ms. Sulkowski's father directed the VKI representative to Ms. Sulkowski's attorney.

18. Not satisfied with the information offered by Ms. Sulkowski's father, this VKI representative called Ms. Sulkowski's father a liar.

19. After these communications, VKI continued to contact the residences of both Ms. Sulkowski and her father. In fact, VKI continued calling Ms. Sulkowski's residence well into June 2008.

## IV. CAUSE OF ACTION

### Count I – Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.)

20. Ms. Sulkowski incorporates and realleges all prior Paragraphs as if fully set forth at length herein.

21. The intentional, reckless and/or negligent conduct committed by VKI as herein described constituted numerous and multiple violations of the FDCPA.

22. VKI's violations of the FDCPA include, but are not limited to, the following:

    a) VKI violated 15 U.S.C. § 1692c(a) by communicating directly with Ms. Sulkowski despite having knowledge that she was represented by counsel;

b) VKI violated 15 U.S.C. § 1692c(c) by continuing to communicate with Ms. Sulkowski despite her and her family's requests that VKI cease such communications;

c) VKI violated 15 U.S.C. § 1692d by engaging in conduct that served to harass, oppress and abuse Ms. Sulkowski, her roommate and her father;

d) VKI violated 15 U.S.C. §§ 1692d(1) and (2) by using abusive language as well as by threatening violence and physical harm;

e) VKI violated 15 U.S.C. § 1692b(2) by communicating with third parties that Ms.Sulkowski owed a debt;

f) VKI violated 15 U.S.C. § 1692b(3) by repeatedly contacting a third party about the debt in question;

g) VKI violated 15 U.S.C. § 1692b(6) by communicating with third parties concerning the debt in question despite the knowledge that Ms. Sulkowski was represented by counsel;

h) VKI violated 15 U.S.C. § 1692e(5) by threatening to take action against Ms. Sulkowski that could not legally be taken;

i) VKI violated 15 U.S.C. § 1692d(5) by repeatedly calling Ms. Sulkowski's residence.

23. As a result of the foregoing illegal, intentional, outrageous, reckless and/or negligent conduct, Ms. Sulkowski as well as her roommate and father suffered severe emotional and psychological stress, strain, anxiety, frustration, nervousness and embarrassment.

24. As a result of the violations of the FDCPA committed by VKI, VKI is liable to Ms. Sulkowski for compensatory damages, statutory damages, attorney's fees and litigation costs.

WHEREFORE, April Sulkowski respectfully requests that judgment be entered against Valentine & Kepartas, Inc. for compensatory damages, exemplary damages, statutory damages, reasonable attorney's fees, litigation costs and any additional relief this Honorable Court deems appropriate.

Respectfully Submitted,

Sheets, Rosselli, Horowitz & Collins LLC

By: _____
Matthew C. Collins, Esquire
Pa. Id. 84776
304 Ross Street, Ste. 303
Pittsburgh, PA 15219
mcollins@srhc-law.com
412.281.8008 (p)
412.281.4161 (f)